UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIN WELLS,

        Plaintiff,

v.                                     CASE No. 8:09-CV-1947-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

## O R D E R

      The plaintiff in this case seeks judicial review of an administrative determination that she is not entitled to auxiliary child's insurance benefits based on her father's Social Security retirement benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

I.

The plaintiff's father, Halen Gil Wells ("H.G. Wells"), a Texas resident, was awarded Social Security retirement benefits in 1998.[2] At that time, the plaintiff, who was born on March 15, 1984, was fourteen years old and resided with her mother in Florida (Tr. 24). In his application for retirement benefits filed on April 13, 1998, H.G. Wells listed the plaintiff as a child potentially eligible for auxiliary benefits (Tr. 48). However, the application did not indicate that the plaintiff's primary residence was in Florida, and not at his Fort Worth, Texas, address that was listed (Tr. 49). H.G. Wells failed to file an application for the plaintiff. Further, the plaintiff was not sent a separate notice regarding her ability to receive benefits based on her father's award of benefits. While the plaintiff's mother, Lorraine Wells, did eventually learn of her daughter's qualification for benefits, she did not file an application on her daughter's behalf. In December 2003, the plaintiff filed her own application. The child's benefits application was thereafter denied as untimely because the plaintiff no longer qualified.

---

[2]His benefits were awarded beginning July 1998, but payments were suspended through December 1999 due to his high income.

-2-

The plaintiff alleges that she failed to enter a timely application for benefits because her mother was misled by H.G. Wells about her entitlement to child's benefits and they never received notice from the Social Security Administration of an entitlement (Tr. 96). Lorraine Wells was informed by her ex-husband, H.G. Wells, in approximately 2000 that he had applied for retirement benefits (id.). However, she decided not to file an application for the plaintiff at that time because H.G. Wells intimated that he did not qualify for retirement benefits because he made too much money (id.). Lorraine Wells did not contact the Social Security Administration to learn about her daughter's rights.

In late 2003, Lorraine Wells was informed, upon filing for her own retirement benefits, that H.G. Wells had, in fact, been receiving benefits for several years and that the plaintiff would have been entitled to receive child's insurance benefits (Tr. 119). Consequently, the plaintiff filed an application for child's insurance benefits on her own behalf on December 15, 2003, when the plaintiff was nineteen (Tr. 52-53). The application was denied initially and upon reconsideration because the plaintiff no longer met the age and education requirements under the applicable statute (Tr. 100).

-3-

The plaintiff requested a hearing, which was held on February 28, 2007 (Tr. 124-40).[3] At the administrative hearing, the plaintiff's attorney explained to the law judge why he believed the plaintiff was entitled to benefits. In essence, he claimed that, even though the plaintiff did not apply until 2003, the father's 1998 application, which listed her as a child, serves as a protective filing date (Tr. 130, 133). Furthermore, her attorney argued that the Commissioner's failure to send a copy of her father's "closeout" notice to Lorraine Wells or the plaintiff at their Florida address does not comply with administrative procedure (Tr. 132-33). Counsel asserted that her father's case was therefore never "closed out" and that, as a consequence, the 1998 protective filing date applies to her 2003 application for benefits (Tr. 136).

In a decision dated May 25, 2007, the law judge concluded that the plaintiff was not entitled to child's benefits beginning in April 1998 because her application for auxiliary benefits was filed after she turned

_____

[3]Two previous hearings were held. The first was postponed to allow the plaintiff to secure representation (Tr. 114). At the second hearing, the plaintiff was in the process of moving to Tampa and requested that the hearing be postponed until the case could be transferred to the Tampa office (Tr. 122). The plaintiff did not attend the third hearing (Tr. 124).

eighteen and attended college (Tr. 16). He therefore ruled that the plaintiff could not receive child's benefits on her father's retirement account (id.).

Moreover, the law judge determined that the Program Operations Manual System ("POMS") guidelines regarding protective filing dates, upon which the plaintiff relies, is used for guidance at the "lower levels of adjudication" and does not have the authority of law, so that it is not enforceable at the law judge stage (id.). The law judge concluded further that the plaintiff was not misinformed by an officer or employee of the Social Security Administration about her eligibility for child's insurance benefits (id.). Accordingly, the law judge denied the plaintiff's request that her application date be retroactive to the date of her father's application (Tr. 15).

The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 3). The Appeals Council stated that, if the father was a proper applicant for child's benefits, then the protective filing was properly closed out because notice was sent to him (Tr. 4). However, even if the father was not a proper applicant, then, because the prospective claimant's address was unknown, the close-out procedures were complied with by sending the notice to the claimant's last-known address, which was that of the father (id.).

II.

The Social Security Act provides that the child of an individual entitled to retirement insurance benefits may receive child's insurance benefits. 42 U.S.C. 402(d). However, an individual who qualifies for benefits does not receive them automatically. The child of an individual entitled to retirement insurance benefits must file her own application for child's insurance benefits. 42 U.S.C. 402(d)(1). At the time of the application, the parent must be entitled to old-age benefits and any non-disabled child must be dependent upon the parent and must be under the age of eighteen or be a full-time elementary or secondary school student under the age of nineteen. Id. An eligible child applicant may receive retroactive benefits for up to twelve months prior to the date of the application. 20 C.F.R. 404.621.

A factual determination by the Commissioner must be upheld if it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact

that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Upon review, however, the court must satisfy itself that the proper legal standards were applied. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

In April 1998, the plaintiff's father applied for retirement benefits, and listed the plaintiff as a child who might be eligible for benefits (Tr. 48). The father was subsequently granted benefits. He did not, however, file an application for benefits for the plaintiff.

On January 29, 1999, the Social Security Administration sent a closeout notice to the father's Fort Worth, Texas, address, which was listed

on the application. The notice informed him that the plaintiff was entitled to child's benefits, upon application, based on his monthly retirement benefits (see Tr. 51). Despite the notice, the father, an attorney who handled Social Security matters, still did not file an application on the plaintiff's behalf.

Every individual seeking benefits, even a child, "must file an application to become entitled to benefits." 20 C.F.R. 404.603; Miller v. Commissioner of Social Security, 280 Fed. Appx. 870, 872 (11th Cir. 2008). A claim for benefits will be considered if the application is made on a prescribed form, completed, signed, and filed with the Social Security Administration. 20 C.F.R. 404.610; Miller v. Commissioner of Social Security, supra, 280 Fed. Appx. at 872. As indicated, the plaintiff filed an application for child's benefits in December 2003, well after she had last met the age and education requirements to receive child's benefits. 42 U.S.C. 402(d)(1). It was denied because the plaintiff was not qualified.

The plaintiff's appeal is based primarily on the alleged failure of the Commissioner to follow proper closeout procedures (Doc. 19, p. 4). As indicated, the plaintiff argues that her father's 1998 application for retirement benefits, in which she was identified as a minor entitled to benefits, constituted a protective filing and was never closed out because she was not

-8-

directly given notice of her right to auxiliary benefits. She contends that, therefore, her untimely 2003 application, which was filed after learning of her prior eligibility, is retroactive to her father's application of 1998. That contention is unconvincing.

The only authority the plaintiff cites in support of her contention that the Social Security Administration failed to follow proper procedures in closing out the protective filing date is POMS. Thus, there is no assertion that a statute or regulation was violated in connection with the close-out. And a failure to follow guidelines set forth in POMS does not establish a violation of law.

POMS does not have the force of law. See Schweiker v. Hansen, 450 U.S. 785, 789 (1981) (claims manual of the SSA is not a regulation and has no legal, binding force). As the law judge points out, "POMS do not apply at the Administrative Law Judge level. It is only used for guidance at the lower levels of adjudication, i.e., at the State agency and at the Social Security Administration district office. POMS do not carry the power or authority of law and it is not enforceable at the Administrative Law Judge hearing level" (Tr. 16). Notably, the plaintiff acknowledges that POMS does not carry the authority of law (Doc. 19, p. 7).

Consequently, there is no positive law, such as a statute or regulation, that mandates the close-out of protective filing dates. That void cannot be filled by POMS, since those guidelines do not have the force of law. Therefore, a failure to follow the close-out procedures in POMS does not amount to an error of law. And in the absence of an error of law, there is no reversible error.

Furthermore, the Appeals Council explained that the POMS guidelines were followed. Thus, it stated (Tr. 4):

> Pursuant to Program Operations Manual System (POMS) GN 00204.003B2. the proper applicant for a child protected on an application is the parent or adult responsible for the child's care.   If the numberholder [i.e., the primary Social Security applicant] is such a proper applicant, then the record reflects that your protective filing was properly closed out.   The record reflects that a closeout notice was mailed to numberholder Halen Wells on your behalf on January 29, 1999. If, however, Halen Wells was not the proper applicant, then POMS GN 00204.012F2 instructs that if the protected claimant's whereabouts are unknown, a closeout notice should be sent to the protected claimant's last known address. Here, when Halen Wells filed for retirement benefits, the field office did not have your current address at that time.    Thus, procedures were properly followed in that a closeout notice was sent to your last known address, that of Halen Wells. Based on the record, there is no additional evidence that would   prove   otherwise.      Therefore,   this

information does not provide a basis to grant review.

As the Appeals Council points out, POMS provides that the applicant for child's benefits is the parent or adult responsible for child care (id.). Consequently, the plaintiff's father was a proper applicant, and the close-out notice was sent to him in accordance with POMS.

The plaintiff seems to suggest that only her mother was the proper applicant (Doc. 19, p. 8). The plaintiff, however, does not cite to anything in POMS that limits to the mother the right to apply for child's benefits for the plaintiff. Rather, POMS indicates that a parent is the proper applicant, so that either the mother or the father would be a proper applicant.

In this case, the father was the individual applying for his own benefits, and he was the one who listed the plaintiff as a child who may be eligible for benefits (Tr. 48). The Social Security Administration reasonably sent the close-out notice to him. There is nothing in POMS that indicates that the Social Security Administration needed to track down the mother and also send a close-out notice to her.

It is appropriate to add that the Appeals Council's alternative rationale seems superfluous, although correct. Thus, if the father were not the proper applicant − which, of course, he was − the notice was still sent to

the plaintiff's last known address in accordance with POMS, since the father's address was the only address the Social Security Administration had for the plaintiff. There is nothing in POMS that indicates, as the plaintiff suggests, that the Social Security Administration was required to conduct a nation-wide search for the plaintiff or her mother.[4]

In sum, wholly aside from the fact that a failure to follow POMS procedures would not constitute reversible error, the Social Security Administration reasonably and properly sent a close-out notice to the plaintiff's father in January 1999. Under the regulations, the plaintiff had six months thereafter to file an application in order to take advantage of the April 13, 1998, protective filing date. 20 C.F.R. 404.630(c). However, she did not file an application until 2003. At that time, she was no longer entitled to child's benefits, as the law judge correctly determined.

---

[4]It is noted that, where the Commissioner has provided misinformation which induced the applicant not to file on time, the child's application will relate back to the day the wage earner, in this case plaintiff's father, filed for benefits. 20 C.F.R. 404.633. In this instance, the plaintiff concedes that this regulation does not apply here because the misinformation was provided by her own father and not the Commissioner (Doc. 19, p. 4)("the SSA did not provide Plaintiff with any information, rising to the level of misinformation"). Additionally, the Commissioner's Notice of Reconsideration stated that there was no evidence of misinformation by any officer or employee of the Social Security Administration (Tr. 16). The law judge pointed out that "[t]he ex-wife talked to [the husband] directly, not to the Social Security Administration. If the ex-wife had questions back then, she should have raised them to the agency at that time. Since she did not, there is nothing the Social Security Administration can do in this case" (Tr. 15). Accordingly, the misinformation exception does not apply to the plaintiff's application for benefits.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ____ day of October, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE